Aguiar, J.
This appeal raises the issue of whether the court erred in not awarding the defendants triple damages and attorney’s fees where the plaintiff landlord did not provide to the defendants the requisite information on the security deposit receipt as required by G.L.c. 186, §15B(3).
We find there was no error.
This is an action for summary process brought by the plaintiff landlord for possession and rent and for use and occupancy pursuant to a written lease, which by its terms expired on August 28, 1997. The defendants defended and counterclaimed against the plaintiff on multiple grounds, including that the eviction was retaliatory, and that the plaintiff breached his warranty of habitability and covenant of quiet enjoyment, and violated the security deposit law.
The court found that when the defendants moved in the premises were in good condition except for rotted wallboard by the bathtub fixtures and an outdated electrical system. The court further found that the balance of the apartment conditions complained of by the defendants either were caused by the defendants or their *105 teenage children, for which the plaintiff is not responsible, or the plaintiff was not notified of the complaints, for which the plaintiff should not be responsible.
The court further found that the plaintiff did not violate any covenant of quiet enjoyment.
Nor did the plaintiff institute this action for retaliation: the defendants already were in arrears on their rent when they solicited the Needham Board of Health to inspect the premises and the eviction was not commenced until after expiration of the lease term.
The plaintiff waived any claim for property damage against the defendants at trial.
G.L.c. 186, §15B(3)(a) requires the plaintiff landlord, in part, to “indicate the name and location of the bank in which the security deposit has been deposited and the amount and account number of said deposit. Failure to comply with this paragraph shall entitle the tenant to immediate return of the security deposit.”
The court found that the plaintiff did not provide the requisite information and the defendants are entitled to return of the security deposit in the amount of $1425.00. Moreover, the plaintiff conceded at trial that she did not pay interest on the security deposit. The court found that the plaintiff is liable for such interest in the amount of 5% for the term of the tenancy.
The court entered judgment as follows: “Judgment shall enter for the plaintiff landlord for possession; judgment shall enter for the tenant plaintiffs-in-counterclaim in an amount calculated by the clerk as follows: $2000 rent abatement plus $1425.00 security deposit reimbursement, plus 5% of $1425 from January 28,1996 to August 28,1997, less $3019.40 of rent and use and occupancy due to the plaintiff landlord, without costs.”
Defendants then filed a motion to amend judgment requesting treble damages and attorney fees under G.L.c. 186, §15B (7) and (6).
The court denied the motion.
Clause (a) of subsection 6 provides, in part, that the landlord acts unlawfully if she “fails to deposit such funds in an account as required by subsection (3).” Here, the court did not find that the landlord failed to deposit the security deposit in an account. Instead, the court found that the “landlord did not provide the requisite information” on the security deposit receipt thus entitling the defendants to “immediate return of the security deposit”’ as plainly required by §15B (3).
The court found that only violation of those portions of §15B(3) that are described at §15B(6) (a) would require such award of treble damages and attorney fees. Here, the court did not so find.
The facts found by the court were not clearly erroneous and should not be disturbed.
We find there was no error and the appeal is dismissed.